LEDSINGER *vs.* THE CENTRAL LINE OF STEAMERS *et al.*

Where a bill was filed, alleging that the plaintiff delivered to the Central Line of Steamers certain cotton for transportation, and that it was burned through the carelessness and negligence of the agents of such steamboat company; and where the bill was confused and contained contradictory statements, at one place alleging that a railroad company, a steamboat company and two individuals were the owners of the boat or line of steamers, at another that they were unknown, and discovery was prayed as to them as well as with respect to the profits made and who received them, and how they were invested, and it was also prayed that, when the true owners were discovered, they might be made parties and that a decree might be had against them for a sufficient amount of the profits to pay the loss; and where the bill was amended by striking the names of the individual defendants, the only ones who gave jurisdiction in the county where the suit was brought, there was no error in dismissing the bill on demurrer.

(a) From what can be gathered from the confused statements in the bill, the plaintiff's case would seem to have some merit in it, if properly brought. It is therefore directed that the judgment be so modified as to read " without prejudice to the complainant, if he should see proper to bring another suit either at law or in equity."

February 18, 1888.

Equity.    Torts.    Amendment.    Negligence.    Jurisdiction.    Practice in Supreme Court.    Before Judge WILLIS. Muscogee Superior Court.    November Adjourned Term, 1886.

Reported in the decision.

HATCHER & PEABODY, for plaintiff in error.

PEABODY, BRANNON & BATTLE, for defendants.

SIMMONS, Justice.

Ledsinger filed his bill against the defendant, in which he alleged that, on the 2d of April, 1884, he delivered to the Central Line of Steamers sixteen bales of cotton of the value of $1,250, at Fort Gaines, Georgia, to be delivered by the steamboat " Everingham " to Hatcher & Brannon in the city of Columbus, Georgia; and that by the carelessness and negligence of the agents and servants of said steamboat company, the cotton was destroyed by fire. He made sundry and divers other allegations in his bill, upon information and belief, as to the owners of the boat or line of steamers; alleging in one place that Samuel J. Whitesides and George H. Whitesides, of the county of Muscogee, and the Central Railroad & Banking Company and the Ocean Steamship Company, of Chatham county, were the owners. On the trial of the case he amended his bill by striking out the names of the Messrs. Whitesides, as parties; which left the Central Railroad & Banking Company and the Ocean Steamship Company as the only parties defendant, whom he alleged to be the owners of the boat. In another part of his bill he alleged that he did not know who the real owners were, and he asked for discovery from the Central Railroad & Banking Company, the Ocean Steamship Company, and the Messrs. Whitesides, and that they be required to state under oath who were the owners of the boat. Long interrogatories were put to each one of these parties, not only to discover who the owners were, but whether the Central Line of Steamers had made any profits, and who got the profits, and where they were invested. The prayer was, that when the true owners were discovered, they might be

made parties defendant to the bill, and that a decree be had in his favor against them for a sufficient amount of the profits to pay the loss of this cotton. The bill was demurred to for want of equity, and the demurrer was sustained and the bill dismissed.

We have read this bill carefully three times; but on account of the confusion in the allegations thereof, and the contradictory statements made therein, and the striking out of the only two defendants who could give jurisdiction to the superior court of Muscogee county, we cannot see that the court erred in dismissing it. But from what we can gather from the confused statements in the bill, we think that the complainant's case has some merit in it if properly brought. We therefore affirm the judgment of the court below, but direct that the judgment be modified so as to read " without prejudice to the complainant if he should see proper to bring another suit either at law or in equity."

Judgment affirmed, with direction.